IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BURNS & WILCOX, LTD. § <br> A Michigan Corporation § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> CRC INSURANCE SERVICES, INC., § <br> et al., § <br> § <br> Defendants. § | Civil Action No. 2:19-cv-13167 <br> Hon. Bernard A. Friedman |

### DEFENDANT'S DONALD R. CARSON, SR.'S
### BRIEF IN SUPPORT OF ITS PARTIAL
### MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Donald Richard Carson, Sr. ("Carson, Sr." or "Defendant") files this Brief in Support of his Partial Motion to Dismiss for Failure to State a Claim, requesting dismissal of Plaintiff Burns & Wilcox, Ltd.'s ("Plaintiff") claim for breach of fiduciary duty for failure to state a claim upon which relief can be granted. In support thereof, Defendant shows as follows:

### I. SUMMARY

1.  Plaintiff fails to state a claim for breach of fiduciary duty because Plaintiff fails to plead facts supporting a breach of any duties arising from a fiduciary relationship between Plaintiff and Defendant.

## II.  STANDARD UNDER RULE 12(b)6)

2.  To avoid dismissal under Rule 12(b)(6), a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It is not sufficient to plead "facts 'merely consistent with' a defendant's liability" as they "do[] 'not permit the court to infer more than the mere possibility of misconduct.'" *Union Commercial Services Ltd. v. FCA Intern'l Oper., LLC*, 785 Fed. Appx. 309 (6th Cir. Aug. 26, 2019) (quoting *Iqbal*, 556 U.S. 662, 678-79). Courts "do not accept as true 'a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Republic Bank & Tr. Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 246 (6th Cir. 2012).

## IV.  ARGUMENTS AND AUTHORITIES

### A.  **Plaintiff fails to state a claim for breach of fiduciary duty.**

3.  Plaintiff fails to state a claim against Carson, Sr. for breach of fiduciary duty because it fails to plead facts supporting a breach of any duties arising from a fiduciary relationship between Plaintiff and Defendant. Plaintiff has not alleged anything more than that: a) Carson prepared to compete while he was still employed by Plaintiff, and b) Carson competed against Plaintiff after he left Plaintiff's employ.

4. Michigan law[1] is clear: "An employer cannot maintain a claim for post-employment breach of fiduciary duty based on solicitation of former clients unless the parties executed an appropriate non-competition agreement." *Creelgroup v. Brieden,* No. 2:09-cv-12493, 2010 WL 3023815, at *3 (E.D. Mich. July 29, 2010). But Plaintiff admits that Carson did not sign the Management Bonus Agreement. *Pl's First Am. Complaint* at ECF No. 12, ¶143. Thus, Plaintiff cannot sustain a claim for breach of fiduciary duty based on Carson, Sr.'s post-employment actions.

5. "A breach of fiduciary duty claim under Michigan law has three elements: (1) a duty arising from a fiduciary relationship, (2) a failure to observe that duty, and (3) an injury proximately caused by that failure." *Daneshvar v. Kipke,* 266 F. Supp. 3d 1031, 1053 (E.D. Mich.2017). As this district observed:

> However, the act of preparation to compete during current employment does not constitute a breach of fiduciary duty. *[Raymond James & Associates, Inc. v. Leonard & co.*, 411 F.Supp.2d 689, 699 (E.D.Mich. 2006)]…("Preparations, of themselves, do not support a breach of fiduciary duty, given 'the public policy of Michigan…of protecting and encouraging the right of the individual to pursue his livelihood in the vocation he chooses, including the right to migrate from one job to another.'" (quoting *Hayes-Albion v. Kuberski,* 421 Mich. 170, 188; 364 N.W2d 609 (1981))). Postemployment, a former employee is free to compete with [a] former employer using his general skills and knowledge, but he may not use [a] former employer's trade secrets. *Hayes-Albion,* 421 Mich. at 180…

*Creelgroup v. Brieden,* 2010 WL 3023815, at *3.

---

[1] For purposes of this motion to dismiss, Defendant assumes—but does not concede—that Michigan law applies.

6. "[T]he mere fact that defendants have or at one time had [confidential] information in their minds is not sufficient to support" a claim "that they must necessarily be using or disclosing it if they are working for" a competitor. *See Northern Michigan Title Co. of Antrim-Charlevoix v. Bartlett,* 2005 WL 599867, at *6 (Mar. 15, 2005). "In general, there is nothing improper in an employee establishing his own business and communicating with customers for whom he had formerly done work in his previous employment." *Hayes-Albion,* 421 Mich. at 183.

7. Plaintiff fails to cite a single competitive act committed by Carson, Sr. while he was still employed by Plaintiff, nor does he identify when, how, or what confidential information Carson, Sr. allegedly accessed, and how that action constituted a breach of fiduciary duty. Plaintiff also does not identify any specific confidential information disclosed by Carson, Sr. before or since his departure from Plaintiff. As a result, Plaintiff has failed to plead facts sufficient to allow the Court to infer more than the mere possibility of misconduct by Defendant Carson, Sr. and this claim must be dismissed.

B. Motion for More Definitive Statement

8. In the alternative, Carson, Sr. moves for a more definitive statement of Plaintiff's claim for breach of fiduciary duty as the claim is so vague or ambiguous that Carson, Sr. cannot reasonably prepare a response to this claim. In order to state

a claim for breach of fiduciary duty and permit Carson, Sr. to prepare a response, Plaintiff should be ordered to identify the specific wrongful acts on which it bases this claim by date or other explanatory details. In particular, Plaintiff must identify the type of confidential information that it alleges Carson, Sr. wrongfully accessed and the person to whom and circumstances in which Carson, Sr. is alleged to have wrongfully disclosed this information.

**WHEREFORE, PREMISES CONSIDERED**, Defendant requests that the breach of fiduciary claim of Plaintiff Burns & Wilcox, Ltd. be dismissed with prejudice, and Defendant prays for such other and further relief to which he is justly entitled.

Respectfully submitted,

_____
**GREGORY M. CLIFT**
State Bar No. 00795835
Email:  clift@RoggeDunnGroup.com

**ROGGE DUNN GROUP, PC**
500 N. Akard, Suite 1900
Dallas, Texas 75201
Telephone: (214) 888-5000
Facsimile: (214) 220-3833

**ATTORNEYS FOR DEFENDANT
DONALD RICHARD CARSON, SR.**

## CERTIFICATE OF SERVICE

This is to certify that pursuant to the Rules a true and correct copy of the foregoing instrument has been served on counsel of record for all parties on this  12  th day of December, 2019.

| | |
|---|---|
| Gerard V. Mantese | ☐ **VIA OVERNIGHT** |
| Douglas L. Toering | ☐ **VIA HAND DELIVERY** |
| Kenneth R. Chadwell | ☐ **VIA FIRST CLASS MAIL** |
| **MANTESE HONIGMAN, P.C.** | ☐ **VIA FAX:** |
| 1361 E. Big Beaver Road | ☐ **VIA EMAIL:** |
| Troy, MI 48083 | ☐ **VIA CERTIFIED MAIL/RRR** |
| | X **VIA ECF:** |

_____
**GREGORY M. CLIFT**