UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BURNS & WILCOX, LTD.
a Michigan corporation,

      Plaintiff,

vs.

[1] CRC INSURANCE SERVICES, INC.,
an Alabama corporation;
[2] DONALD RICHARD CARSON, SR.,
an individual resident of Texas;
[3] SHEILA A. HAILEY, an individual
resident of Texas;
[4] DONALD R. CARSON, JR., an
individual resident of Texas;
[5] GREGORY T. WATSON, an individual
resident of North Carolina;
[6] WILLIAM LEE COLEMAN, an
individual resident of North Carolina;
[7] PAIGE GIBSON, an individual resident
of North Carolina;
[8] AMANDA N. RUPPEL, an individual
resident of Florida;
[9] STEVE PAGE, an individual resident of
Florida;
[10] JOHN B. SUTTON, an individual
resident of Florida;
[11] ANDREW CARSON, an individual
resident of Texas;
[12] SANDRA KREBS, an individual
resident of Texas;
[13] NICHOLAS MCVAY, an individual
resident of Texas;
[14] DRAKE BURGER, an individual
resident of Colorado;

Case No. 19-cv-13167
District Court Judge Bernard A.
Friedman
Magistrate Judge Anthony P. Patti

[15] JENNA WILTON, an individual
resident of Colorado;
[16] LINDSEY DOYLE, an individual
resident of Texas;
[17] LARISSA FRIDDEL, an individual
resident of Texas;
[18] MATTHEW VAUGHN, an individual
resident of Texas;
[19] BEN ZHOU, an individual resident of
Texas;
[20] COLE EHLINGER, an individual
resident of Texas;
[21] NORMA HERRERA, an individual
resident of Florida;
[22] ANTHONY CUGINI, an individual
resident of Texas;
[23] ADAM HENDERSON, an individual
resident of Colorado;
[24] PETER ULMER, an individual
resident of Louisiana;
[25] MATTHEW SWABY, an individual
resident of Pennsylvania;
[26] SETH MUCHNICK, an individual
resident of Pennsylvania; and
[27] SAM ZEGLINSKI, an individual
resident of Pennsylvania.

    Defendants.

GERARD V. MANTESE (P34424)
DOUGLAS L. TOERING (P34329)
KENNETH R. CHADWELL (P39121)
Mantese Honigman, P.C.
*Attorneys for Plaintiff*
1361 E. Big Beaver Road
Troy, MI 48083
(248) 457-9200
gmantese@manteselaw.com
dtoering@manteselaw.com
kchadwell@manteselaw.com

MARTIN C. BROOK (P55946)
NICHOLAS A. HUGUELET (P74933)
Ogletree, Deakins, Nash, Smoak
 & Stewart, PLLC
*Attorneys for All Defendants, except
Defendant Donald R. Carson, Sr.*
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
(248) 593-6400
martin.brook@ogletree.com
nicholas.huguelet@ogletree.com

KEFFE BROOKS
Brooks, Wilkins, Sharkey
& Turco, PLLC
*Attorney for CRC Insurance Services,
Inc.*
401 S. Old Woodward Ave., Suite 400
Birmingham, MI 48009
(248) 971-1710
brooks@bwst-law.com

GREGORY M. CLIFT
Rogge Dunn Group, PC
*Attorney for Defendant Donald R.
Carson, Sr.*
500 N. Akard St., Suite 1900
Dallas, TX 75201
(214) 239-2777
clift@roggedunngroup.com

## MOTION TO DISMISS WITH PREJUDICE

Defendants, [3] Sheila Hailey; [4] Donald R. Carson; [5] Gregory T. Watson; [6] William Lee Coleman; [7] Paige Gibson; [8] Amanda Ruppel; [11] Andrew Carson; [18] Matthew Vaughan; [19] Ben Zhou; [22] Anthony Cugini; [24] Peter Ulmer; and [25] Matthew Swaby, hereafter referred to as "The Moving Defendants" by and through their undersigned counsel, Ogletree, Deakins, Nash, Smoak & Stewart, PLLC, moves this honorable Court to Dismiss the Complaint with Prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Pursuant to E.D. Mich. LR 7.1(a), on January 9, 2020, the undersigned counsel explained the nature of the motion and its legal basis, and requested but did not obtain concurrence in the relief sought.  It is therefore necessary to bring this Motion.

In support of their Motion, The Moving Defendant relies on the facts, argument, and law in the attached Brief in Support and states as follows:

1.    Plaintiff's Complaint does not state even a single specific factual allegation supporting the Counts alleged against The Moving Defendants. Failing this basic pleading essential subjects this Complaint to dismissal.

2.    Plaintiff's Complaint, even if Plaintiff's pleading shortcuts are acceptable, is subject to dismissal because it fails to plead facts sufficient to state a claim in support of Counts V-VIII.

Dated:  January 10, 2020                         Respectfully submitted,

                                                 s/Martin C. Brook
                                                MARTIN C. BROOK (P55946)
                                                NICHOLAS A. HUGUELET (P74933)
                                                Ogletree, Deakins, Nash, Smoak
                                                 & Stewart, PLLC
                                                *Attorneys for All Defendants, except*
                                                *Defendant Donald R. Carson, Sr.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BURNS & WILCOX, LTD.
a Michigan corporation,

     Plaintiff,

vs.

[1] CRC INSURANCE SERVICES, INC.,
an Alabama corporation;
[2] DONALD RICHARD CARSON, SR.,
an individual resident of Texas;
[3] SHEILA A. HAILEY, an individual
resident of Texas;
[4] DONALD R. CARSON, JR., an
individual resident of Texas;
[5] GREGORY T. WATSON, an individual
resident of North Carolina;
[6] WILLIAM LEE COLEMAN, an
individual resident of North Carolina;
[7] PAIGE GIBSON, an individual resident
of North Carolina;
[8] AMANDA N. RUPPEL, an individual
resident of Florida;
[9] STEVE PAGE, an individual resident of
Florida;
[10] JOHN B. SUTTON, an individual
resident of Florida;
[11] ANDREW CARSON, an individual
resident of Texas;
[12] SANDRA KREBS, an individual
resident of Texas;
[13] NICHOLAS MCVAY, an individual
resident of Texas;

Case No. 19-cv-13167
District Court Judge Bernard A.
Friedman
Magistrate Judge Anthony P. Patti

[14] DRAKE BURGER, an individual
resident of Colorado;
[15] JENNA WILTON, an individual
resident of Colorado;
[16] LINDSEY DOYLE, an individual
resident of Texas;
[17] LARISSA FRIDDEL, an individual
resident of Texas;
[18] MATTHEW VAUGHN, an individual
resident of Texas;
[19] BEN ZHOU, an individual resident of
Texas;
[20] COLE EHLINGER, an individual
resident of Texas;
[21] NORMA HERRERA, an individual
resident of Florida;
[22] ANTHONY CUGINI, an individual
resident of Texas;
[23] ADAM HENDERSON, an individual
resident of Colorado;
[24] PETER ULMER, an individual
resident of Louisiana;
[25] MATTHEW SWABY, an individual
resident of Pennsylvania;
[26] SETH MUCHNICK, an individual
resident of Pennsylvania; and
[27] SAM ZEGLINSKI, an individual
resident of Pennsylvania.

          Defendants.

| | |
|---|---|
| GERARD V. MANTESE (P34424) | MARTIN C. BROOK (P55946) |
| DOUGLAS L. TOERING (P34329) | NICHOLAS A. HUGUELET (P74933) |
| KENNETH R. CHADWELL (P39121) | Ogletree, Deakins, Nash, Smoak |
| Mantese Honigman, P.C. | & Stewart, PLLC |
| *Attorneys for Plaintiff* | *Attorneys for All Defendants, except* |
| 1361 E. Big Beaver Road | *Defendant Donald R. Carson, Sr.* |
| Troy, MI 48083 | 34977 Woodward Avenue, Suite 300 |
| (248) 457-9200 | Birmingham, MI 48009 |
| gmantese@manteselaw.com | (248) 593-6400 |
| dtoering@manteselaw.com | martin.brook@ogletree.com |
| kchadwell@manteselaw.com | nicholas.huguelet@ogletree.com |

| | |
|---|---|
| KEFFE BROOKS | |
| Brooks, Wilkins, Sharkey | GREGORY M. CLIFT |
| & Turco, PLLC | Rogge Dunn Group, PC |
| *Attorney for CRC Insurance Services,* | *Attorney for Defendant Donald R.* |
| *Inc.* | *Carson, Sr.* |
| 401 S. Old Woodward Ave., Suite 400 | 500 N. Akard St., Suite 1900 |
| Birmingham, MI 48009 | Dallas, TX 75201 |
| (248) 971-1710 | (214) 239-2777 |
| brooks@bwst-law.com | clift@roggedunngroup.com |

## BRIEF IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................... ii

BACKGROUND ....................................................................................1

STANDARD OF REVIEW ....................................................................2

LEGAL ARGUMENT............................................................................4

  I.  Plaintiff's Complaint Against The Moving Defendants Fails to State a Claim and Should Be Dismissed. ...............................................................4

  II.  Counts V-VIII are Insufficiently Plead and Should be Dismissed.................7

    A.  Plaintiff's Count V for Misappropriation of Trade Secrets (Defend Trade Secrets Act) is Not Facially Plausible and Must Be Dismissed. .................7

    B.  Plaintiff's Count VI for Misappropriation of Trade Secrets (Michigan Uniform Trade Secrets Act) is Not Facially Plausible and Must Be Dismissed. ...............................................................................10

    C.  Plaintiff's Count VII for Breach of Contract Does Not Raise a Right to Relief Above the Speculative Level and Must Be Dismissed Against the Individual Defendants..........................................................................11

      1. Breach of Contract Allegations against Individual Defendants. ............12

      2. Allegations Against Individual Defendant [3] Shelia A. Hailey............14

    D.  Plaintiff's Count VIII for Civil Conspiracy Does Not Raise a Right to Relief Above the Speculative Level and Must Be Dismissed Against the Individual Defendants. ...............................................................................15

CONCLUSION ....................................................................................17

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Admiral Ins. Co. v. Columbia Cas. Ins. Co.*,
194 Mich. App. 300, 486 N.W.2d 351 (1992)....................................................15

*Ajuba Int'l, LLC v. Saharia*,
871 F. Supp. 2d 671 (E.D. Mich. 2012) ............................................................10

*Arista Records, LLC v. Doe 3*,
604 F.3d 110 (2d Cir.2010) ....................................................................5, 11, 13

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009) ..........................*passim*

*Belanger v. Bank of N.Y. Melon*,
2013 U.S. Dist. LEXIS 10853 (W.D. Mich. Jan. 28, 2013)..............................14

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .........................*passim*

*Bondex Int'l, Inc. v. Hartford Accident and Indemnity Co.*,
667 F.3d 669 ........................................................................................................6

*Cassidy v. The Teaching Company*,
2014 WL 1599518 (S.D. Ohio) ...........................................................................5

*Cole v. City of Memphis*,
2013 WL 2443242 (W.D. Tenn.).........................................................................6

*Conley v. Gibson*,
355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)................................................2

*Corp. Auto. Res. Specialists, Ltd. V. Masson*,
2019 U.S. Dist. LEXIS 147220 (E.D. Mich. Aug. 29, 2019)........................6, 16

*Federal-Mogul World Wide, Inc. v. Mahle GmbH*,
No. 11-10675, 2011 U.S. Dist. LEXIS 110013, 2011 WL 4485080
(E.D. Mich. September 27, 2011).......................................................................10

*Ford Motor Co. v. Launch Tech Co., Ltd.*,
    2018 U.S. Dist. LEXIS 29923 (E.D. Mich., Feb. 26, 2018)......................7, 8, 11

*Hale v. Enerco Grp., Inc.*,
    2011 WL 49545 ...............................................................................................6

*Hensley Mfg. v. ProPride, Inc.*,
    579 F.3d 603 (6th Cir. 2009) ..............................................................................9

*Mapal, Inc. v. Atarsia*,
    147 F. Supp. 3d 670 (E.D. Mich. 2015) ............................................................15

*Platsis v. E.F. Hutton & Co.*,
    642 F.Supp. 1277 (W.D. Mich. 1986) ...............................................................12

*Thill v. Ocwen Loan Servicing, LLC*,
    8 F. Supp. 3d 950 (E.D. Mich. 2014) ................................................................12

## <u>BACKGROUND</u>

Individual Defendants[1] bring this Motion pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. To survive this Motion, Plaintiff's First Amended Complaint must allege sufficient facts to state a claim for relief that is plausible on its face.

Plaintiff filed its initial Complaint on October 28, 2019, naming 11 Defendants, which included Defendants CRC, Carson Sr., and nine other Individual Defendants that formerly worked for Burns and Wilcox. Subsequently, on November 19, 2019, Plaintiff filed its First Amended Complaint, naming 27 Defendants, which includes twenty-five Individual Defendants (not including Defendant Carson Sr.). Despite Plaintiff's significant addition of named Individual Defendants, the Amended Complaint failed to include any additional factual details against either the existing Defendants or the newly added Defendants. Subsequently, and for unknown reasons, Plaintiff voluntarily dismissed 13 (thirteen) individual Defendants. All remaining individual Defendants party to this lawsuit should be involuntarily dismissed from this litigation with prejudice.

---

[1] The individuals who move for dismissal with prejudice are: [3] Sheila Hailey; [4] Donald R. Carson; [5] Gregory T. Watson; [6] William Lee Coleman; [7] Paige Gibson; [8] Amanda Ruppel; [11] Andrew Carson; [18] Matthew Vaughan; [19] Ben Zhou; [22] Anthony Cugini; [24] Peter Ulmer; and [25] Matthew Swaby. Hereafter referred to as "The Moving Defendants."

In fact, a close review of Plaintiff's First Amended Complaint reveals a complete absence of factual allegations supporting the Counts against The Moving Defendants.  ECF No. 12, Counts V-VIII.[2]  Even the very few Paragraphs aimed at The Moving Defendants are simply belief statements (not facts) and/or are blanket allegations against The Moving Defendants as a group.[3]

The Moving Defendants respectfully request that this Honorable Court grant their Motion to Dismiss because Plaintiff's First Amended Complaint fails to state a claim against them.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) permits the dismissal of a complaint when it fails to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Rule 8(a)(2) requires a "short and plan statement of the claim showing the pleader is entitled to relief" in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d. 80 (1957)). However, "[t]o survive a motion to dismiss, a complaint must contain

---

[2] Count V--Misappropriation of Trade Secrets (Defend Trade Secrets Act), Count VI--Misappropriation of Trade Secrets (Michigan Uniform Trade Secrets Act), Count VII--Breach of Contract, and Count VIII--Civil Conspiracy. ECF No. 12.

[3] ECF No. 12 at ¶¶ 229, 230, 235, 247-49, 262-65 269-71, Pg.ID 201, 202, 207, 208, 211-214.

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Nevertheless, the rule that "a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id. See Rodriguez v. Honigman Miller Schwartz & Cohn LLP, 465 Fed. Appx. 504, 507 (6th Cir. 2012) (quoting Iqbal, 556 U.S. at 678).* A complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Twombly*, 550 U.S. at 556. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Plaintiffs must provide the grounds for their entitlement to relief, and not simply rely on labels, conclusions, and "formulaic recitation of the elements" of the claim. *Id.*

*Twombly's* analysis of the pleading requirements of Fed. R. Civ. P. 8(a) has universal application to all civil cases in the federal district courts. Under Rule 8(a), plaintiffs are required to set forth allegations in their complaints describing a factual scenario that shows the pleader has a plausible (not merely possible) legal claim to relief. *Iqbal, 556 U.S.* at 678-79.

*Iqbal* further refined *Twombly* establishing a two-pronged approach to evaluating the sufficiency of a complaint in the face of a motion to dismiss:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. ***While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations***. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.*, at 679 (emphasis added).

As discussed below, Plaintiff's allegations for Counts V-VIII do not provide sufficient factual allegations.

## LEGAL ARGUMENT

### I.   Plaintiff's Complaint Against The Moving Defendants Fails to State a Claim and Should Be Dismissed.

Plaintiff's Complaint does not state even a single specific factual allegation supporting the Counts alleged against The Moving Defendants. "It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants…. [and] [w]here a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal." *Bey v. Finco et al*, 2013 WL 4829955, at *4 (W.D. Mich. 2013). In this context, Plaintiff's pleading practice utilizing "information and belief" allegations (¶¶ 247, 248, 260, 262, 263, 264, 269, 271) and blanket allegations against a group, (¶¶ 229, 230, 235, 247-49, 262-64, 269,

270-71) fails to meet the *Twombly* and *Iqbal* standards. ECF No. 12, Pg ID 201, 202, 207, 208, 211-214.

While "information and belief" allegations are allowed after *Twombly* and *Iqbal,* this is only when those allegations state plausible inferences drawn from factual allegations contained in the complaint. *See e.g. Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) ("The *Twombly* plausibility standard ... does not prevent a plaintiff from 'pleading facts alleged on information and belief' where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible."). That is not the case here. Instead, the absence of factual allegations supporting the "information and belief" allegations renders those Paragraphs nothing more than unsubstantiated conclusory beliefs and thus they should be disregarded in the context of a 12(b)(6) motion. *Cassidy v. The Teaching Company*, 2014 WL 1599518 at *4 (S.D. Ohio April 21, 2014) ("Allegations made on information and belief are therefore appropriate where a complaint contains supporting factual allegations.") (internal quotations omitted) (unpublished decisions attached at Exhibit A).

Similarly, group or blanket allegations against "other defendants" might satisfy *Twombly* and *Iqbal* pleading standards, but only when there are other factual allegations that lend support to the inference that a limited number of "other

5

defendants" are collectively responsible for the alleged actions. *Cole v. City of Memphis*, 2013 WL 2443242 at \*3-4 (W.D. Tenn. June 4, 2013) *following Hale v. Enerco Grp., Inc.*, 2011 WL 49545 at \*4 (N.D. Ohio Jan. 5, 2011) (since only 6 corporate defendants, it was not too large for an inference). Once again, that is not the case here. Instead, Plaintiff's proposed inferences are implausible because the group is too large – initially 24 Defendants across 6 states – and because Plaintiff does not allege a single actual fact to support an inference that all persons in the group are liable. *See e.g. Bondex Int'l, Inc. v. Hartford Accident and Indemnity Co.*, 667 F.3d 669, 681 (6th Cir. 2011) (In ruling a claim was not preserved on appeal, the court concluded that "[a]ppellants suggested at oral argument that the pleadings' generic references to the misconduct of "all Defendants" encompassed this theory of coverage against Century, but we cannot accept such threadbare allegations as meeting the Federal Rules' notice-pleading standard."). *See also Corp. Auto. Res. Specialists, Ltd. v. Masson*, 2019 WL 4074435, at \*3 (E.D. Mich. Aug. 29, 2019) (dismissing civil conspiracy claim because of impermissible group pleading and conclusory allegations).

Accordingly, all of the "information and belief" and blanket allegations do not meet basic pleading essentials and thus cannot be relied upon to establish any of Plaintiff's claims.

II.     **Counts V-VIII are Insufficiently Plead and Should be Dismissed**

    A. **Plaintiff's Count V for Misappropriation of Trade Secrets (Defend Trade Secrets Act) is Not Facially Plausible and Must Be Dismissed.**

"To state a claim for misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), a plaintiff must allege facts establishing an unconsented disclosure or use of a trade secret by one who used improper means to acquire the secret; or, at the time of the disclosure, knew or had reason to know that the trade secret was acquired through improper means, under circumstances giving rise to a duty to maintain the secrecy of the trade secret." *Ford Motor Co. v. Launch Tech Co., Ltd.*, 2018 WL 1089276, at *16 (E.D. Mich., Feb. 26, 2018) (citing 18 U.S.C. § 1839(5)). For the reasons that follow, Plaintiff's DTSA claim should be dismissed because it has not alleged sufficient factual allegations that any of The Moving Defendants misappropriated any trade secret.

Out of the nineteen (19) paragraphs that comprise Plaintiff's DTSA cause of action, only *three* even reference The Moving Defendants and none references any of them specifically:

> 229.   **On information and belief, some or all of the remaining Defendants** have also misappropriated and misused trade secrets belonging to BURNS & WILCOX.

> 230.   The misappropriation of BURNS & WILCOX's trade secrets by Carson Sr. and by **additional Defendants** was done to wrongfully

benefit Carson Sr., the individuals involved, CRC, and each of these individually to the detriment of BURNS & WILCOX.

235. BURNS & WILCOX has been irreparably harmed, and absent injunctive relief, will continue to be irreparably harmed by the acts of **other individual Defendants** who have misappropriated BURNS & WILCOX trade secrets.

ECF No. 12, at ¶¶ 229, 230, 235, Pg. ID 201-202 (emphasis added).

In *Ford Motor*, the court found that Ford properly pleaded its misappropriation of trade secrets claims (pursuant to the DTSA and MUTSA) because its amended complaint contained "specific allegations as to the who, what, how, when, and why sufficient to establish an act of misappropriation at this stage." *Ford*, at *17. As to the "who," the court noted that Ford identified specific employees of the defendants that "purchased and activated" Ford's confidential information. *Id.* As to the "what" and "how," Ford specifically alleged what confidential information was accessed and how the defendants accessed it. *Id.* And as to the "when," Ford alleged specific dates of defendants' acts. *Id.* Accordingly, the court denied the defendants' motion to dismiss the misappropriation of trade secrets claims. *Id.* at *50.

However here, Plaintiff's allegations as to The Moving Defendants is entirely devoid of such details. Instead, Plaintiff devotes the majority of its allegations in Count V to discussing broad categories of trade secrets, the elements of misappropriation under the Defend Trade Secrets Act, and the general belief that

8

Defendant Carson Sr. misappropriated those trade secrets. Plaintiff entirely fails to articulate any actual facts about The Moving Defendants. This does not satisfy the "plausibility" standard, which requires more than a "sheer possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556; s*ee also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009) (stating "mere speculation is insufficient; it was [plaintiff's] burden to allege those facts, if they indeed exist, in the first instance"). Not only does Plaintiff fail to allege any details about any specific Individual Defendant, there are also no factual allegations about: (1) what trade secret any of the Individual Defendants misappropriated; (2) when it was misappropriated; or (3) how it was misappropriated. As such, Plaintiff's allegations against the Moving Defendants cannot be viewed as anything more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which the Supreme Court stated is insufficient. *Iqbal*, 556 U.S. at 678.

Accordingly, the Court should dismiss Count V against The Moving Defendants because Plaintiff's allegations do not permit the Court to infer more than the possibility of misconduct; therefore, Plaintiff has not shown it is entitled to relief.[4] *See Id.*

_____

[4] And, dismissal of Count V is appropriate for the additional reason, as discussed in Section I above, that all allegations supporting this Count against The Moving Defendants are either "information and belief" or blanket allegations.

**B. Plaintiff's Count VI for Misappropriation of Trade Secrets (Michigan Uniform Trade Secrets Act) is Not Facially Plausible and Must Be Dismissed.**

Plaintiff's misappropriation of trade secrets claim under the Michigan Uniform Trade Secrets Act ("MUTSA") is legally insufficient for the same reasons as the DTSA claim; therefore, it must also be dismissed against the Individual Defendants. "To state a valid MUTSA claim, the plaintiff must allege that (1) it has protectable trade secrets and (2) the defendant improperly acquired, disclosed, or used those trade secrets." *Ajuba Int'l, LLC v. Saharia*, 871 F. Supp. 2d 671, 691 (E.D. Mich. 2012) (*citing Federal-Mogul World Wide, Inc. v. Mahle GmbH*, 2011 WL 4485080, *13 (E.D. Mich. September 27, 2011)).

Nearly identical to Plaintiff's DTSA claim in Count V, the MUTSA claim contains seventeen (17) paragraphs, and only *four* even reference The Moving Defendants collectively:

242. **All of the remaining Defendants** also had access to Burns & Wilcox's confidential information during their employment with Burns & Wilcox.

247. Upon information and belief, **the other individual Defendants** also misappropriated and threatened to misappropriate trade secrets belonging to BURNS & WILCOX.

248. Upon information and belief, the misappropriation of trade secrets by **all the individual Defendants**, including Carson Sr., was done with the agreement, knowledge and/or consent of CRC.

10

249. The misappropriation of trade secrets by **Individual Defendants** was done to wrongfully benefit each individual involved, including Carson Sr. and CRC, and each individually.

ECF No. 12 at ¶¶ 242, 247-49, Pg.ID 203, 207-08 (emphasis added).

Yet again, there is not a single mention of a specific Individual Defendant, nor is there any factual allegations about the "where," "when," "how," or "why" as to any specific Individual Defendant. *See Ford,* 2018 WL 1089276, at *17. Instead Plaintiff apparently has copied its allegations nearly verbatim from its legally insufficient allegations in Count V. Moreover, Plaintiff pleads based "upon information and belief" in several of these allegations which further emphasizes their lack of factual information to make the inference of culpability plausible. *See Arista Records*, 604 F.3d at 120.

Accordingly, the Court should dismiss Count VI against The Moving Defendants because Plaintiff has not shown it is entitled to relief. *See Iqbal*, 556 U.S. at 678.[5]

### C. Plaintiff's Count VII for Breach of Contract Does Not Raise a Right to Relief Above the Speculative Level and Must Be Dismissed Against the Individual Defendants.

Plaintiff's breach of contract claim continues to generically lump The Moving Defendants together, without specifying who allegedly breached his or her

---

[5] And, dismissal of Count VI is appropriate for the additional reason, as discussed in Section I above, that all allegations supporting this Count against The Moving Defendants are either "information and belief" or blanket allegations.

11

respective contract and how. Therefore, Count VII must also be dismissed against The Moving Defendants because it does not satisfy Rule 8's pleading requirements.

Under Michigan law, the element of a breach of contract claim are: (1) the parties entered into a valid enforceable contract that included the terms and conditions claimed by plaintiff; (2) the defendant breached the contract; and (3) the defendant's breach caused a loss to the plaintiff. *See, e.g., Platsis v. E.F. Hutton & Co.*, 642 F. Supp. 1277 (W.D. Mich. 1986); *Thill v. Ocwen Loan Servicing, LLC*, 8 F. Supp. 3d 950, 955 (E.D. Mich. 2014).

### 1. Breach of Contract Allegations against Individual Defendants.

The substantive allegations in Plaintiff's breach of contract claim are nothing more than a formulaic recitation of the elements of a cause of action, which "will not do." *Twombly*, 550 U.S. at 555. Instead of stating which of The Moving Defendants allegedly breached their contract and how, Plaintiff's allegations are naked assertions devoid of factual details. *See Iqbal*, 556 U.S. at 678. For example, Plaintiff alleges:

> 257. **Each of the Defendants named in this Count**[6] is now working with CRC, a direct competitor of BURNS & WILCOX, in violation of the contract signed by each individual Defendants in this case, other than Carson Sr.

---

[6] By "[e]ach of the Defendants named in this Count," Plaintiff appears to be referring to the Defendants listed in heading of Count VII: "(ALL INDIVIDUAL DEFENDANTS, OTHER THAN CARSON, SR.)" ECF No. 12, Pg. ID 209.

261. **After the Defendants named in this Count** left their employment at BURNS & WILCOX, BURNS & WILCOX personnel learned that **several of them** reached out to current BURNS & WILCOX employees by LinkedIn, telephone, email, and other social media in an effort to solicit them to leave BURNS & WILCOX and join CRC. This is a breach of the non-solicitation provision.

262. **Upon information and belief, most or all of the Defendants in this Count** have made such overtures, in violation and breach of their contractual agreements.

263. **Upon information and belief, one or more of the Defendants in this Count** is improperly using BURNS & WILCOX's confidential proprietary information and trade secrets in violation of their contractual obligations. This is a breach of the non-use provision.

264. **Upon information and belief, one or more of the Defendants in this Count** has been directly or indirectly soliciting business and/or BURNS & WILCOX employees, on behalf of CRC, in violation of their contractual obligations to BURNS & WILCOX. This is a breach of the non-solicitation provision.

ECF No. 12, at ¶¶ 257, 261-64, Pg. ID 211-12 (emphasis added).

Remarkably, in Paragraph 261 Plaintiff admits that its "solicitation of employees" claim is limited to only "several" of the Defendants, yet in the next Paragraph Plaintiff attempts to lump all Defendants into this claimed violation with a weak "upon information and belief" allegation. Plaintiff should not be allowed to employ unsubstantiated belief in this way. *See Arista Records*, 604 F.3d at 120.

All the other above Paragraphs fail for the same reason. They are blanket and vague assertions devoid of any fact about any of The Moving Defendants. This formulaic pleading method fails to provide factual details sufficient to allow this

Court to even reasonably infer that any of the Individual Defendants is liable. *See Belanger v. Bank of N.Y. Melon*, 2013 WL 318294, at \*6-7 (W.D. Mich. Jan. 28, 2013) (granting defendant's motion to dismiss because Plaintiff failed to sufficiently plead damages as the only reference to damages was a formulaic recitation of the elements of cause of action: "'[a]s a result of Defendants' actions, Plaintiffs have been damaged.'").

For the reasons stated above, Count VII should be dismissed against The Moving Defendants.

**2. Allegations Against Individual Defendant [3] Shelia A. Hailey.**

In Count VII, three of Plaintiff's allegations mention that Defendant Sheila A. Hailey ("Hailey") made statements to BURNS & WILCOX employees about jobs being outsourced. ECF No. 12, at ¶¶ 258-60, Pg. ID 211. Plaintiff fails to allege what contractual provision the claimed statements actually violate or articulate how they were violated.  Also, Plaintiff's subsequent allegations (¶¶ 261-64, quoted above) again fall back into the pattern of insufficient factual pleading. At best, the few paragraphs specific to Defendant Hailey, constitute only "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements," which is legally insufficient. *Iqbal*, 556 U.S. at 678.

### D. Plaintiff's Count VIII for Civil Conspiracy Does Not Raise a Right to Relief Above the Speculative Level and Must Be Dismissed Against the Individual Defendants.

"A viable civil conspiracy claim requires that a plaintiff allege: (1) a concerted action, (2) by a combination of two or more persons, (3) to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by a criminal or unlawful means." *Mapal, Inc. v. Atarsia*, 147 F. Supp. 3d 670, 684 (E.D. Mich. 2015) (citing *Admiral Ins. Co. v. Columbia Cas. Ins. Co.*, 194 Mich. App. 300, 313, 486 N.W.2d 351 (1992)). While Plaintiff devotes several paragraphs to reciting these elements, it fails to identify which of The Moving Defendants participated in the alleged conspiracy and/or articulate ow they were involved in it.[7] Instead, Plaintiff continues its use of naked assertions and blanket references:

> 269. **Upon information and belief, all of the Defendants** have engaged in concerted action to wrongfully deprive BURNS & WILCOX of its confidential and protected information; to encourage BURNS & WILCOX employees to defect from their employment to CRC; and/or directly or indirectly compete with BURNS & WILCOX in violation of individual contracts executed by **certain Individual Defendants**.

> 270. Such action are in violation of Carson Sr.'s fiduciary duties to BURNS & WILCOX, as alleged above, and in violation of the contractual obligations owed by **each of the individual Defendants**

---

[7] At most, Plaintiff alleges Defendants Carson Sr. and Hailey made "false representations." ECF No. 12, at ¶¶ 272, Pg. ID 214. Consistent with the rest of Plaintiff's Amended Complaint, no other individual Defendant (including any of The Moving Defendants) is specifically named nor is there sufficient factual detail to allow this Court to draw the reasonable inference that any of the Individual Defendants is liable for the alleged civil conspiracy.

(other than Carson Sr.) who signed agreements with BURNS & WILCOX, as also alleged above.

271. **Upon information and belief, by various means, each member of the conspiracy**, intended to accomplish an unlawful purpose (i.e. deprive BURNS & WILCOX of its confidential and protected information or to unfairly compete) or to accomplish a lawful purpose by unlawful means (i.e., use of a rogue employee—Carson Sr.—to unfairly compete for information and new employees).

ECF No. 12, at ¶¶ 269-71, Pg. ID 213-14. (emphasis added).

These paragraphs are nothing more than formulaic recitations of the elements of a cause of action combined with conclusory allegations and impressible group pleading. *See Corp. Auto.*, 2019 U.S. Dist. LEXIS 147220, at *13 (dismissing civil conspiracy claim for impermissible group pleading and conclusory allegations). *See also Iqbal*, 556 U.S. at 678. Therefore, identical to Counts V-VII, Plaintiff's civil conspiracy claim is legally insufficient as it fails "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

For the reasons stated above, Count VIII should be dismissed against The Moving Defendants.[8]

---

[8] And, dismissal of Count VIII is appropriate for the additional reason, as discussed in Section I above, that all allegations supporting this Count against The Moving Defendants are either "information and belief" or blanket allegations.

16

## **CONCLUSION**

For the foregoing reasons, Defendants

[3] Sheila Hailey;

[4] Donald R. Carson;

[5] Gregory T. Watson;

[6] William Lee Coleman;

[7] Paige Gibson;

[8] Amanda Ruppel;

[11] Andrew Carson;

[18] Matthew Vaughan;

[19] Ben Zhou;

[22] Anthony Cugini;

[24] Peter Ulmer; and

[25] Matthew Swaby,

respectfully request that this Honorable Court to Dismiss them from Plaintiff's

First Amended Complaint with prejudice.

Dated:  January 10, 2020                    Respectfully submitted,

s/Martin C. Brook
MARTIN C. BROOK (P55946)
NICHOLAS A. HUGUELET (P74933)
Ogletree, Deakins, Nash, Smoak
 & Stewart, PLLC
*Attorneys for All Defendants, except Donald
R. Carson, Sr.*
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
(248) 593-6400
martin.brook@ogletree.com
nicholas.huguelet@ogletree.com

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 10, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

s/Martin C. Brook\
MARTIN C. BROOK (P55946)\
NICHOLAS A. HUGUELET (P74933)\
Ogletree, Deakins, Nash, Smoak\
 & Stewart, PLLC\
*Attorneys for All Defendants*\
34977 Woodward Avenue, Suite 300\
Birmingham, MI 48009\
(248) 593-6400\
martin.brook@ogletree.com\
nicholas.huguelet@ogletree.com

41383499.1

18