UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BURNS & WILCOX LTD.,

       Plaintiff,                          Civil Action No. 19-CV-13167

vs.                                  HON. BERNARD A. FRIEDMAN

CRC INSURANCE SERVICES, INC., et al.,

       Defendants.
_____/

## OPINION AND ORDER
## DENYING DEFENDANT CARSON SR.'S MOTION TO DISMISS AND
## GRANTING THE OTHER INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

        This matter is presently before the Court on the motion of defendant Donald Carson Sr. ("Carson Sr.") to dismiss [docket entries 54] and the motion of defendants Sheila Hailey, Donald Carson Jr., Gregory T. Watson, William Lee Coleman, Paige Gibson, Amanda Ruppel, Andrew Carson, Matthew Vaughan, Ben Zhou, Anthony Cugini, Peter Ulmer, and Matthew Swaby to dismiss [docket entry 70]. Plaintiff has responded and defendants have replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall deny defendant Carson Sr.'s motion and grant the other defendants' motion.

        Plaintiff Burns & Wilcox, Ltd. ("B&W") "is a large insurance wholesale broker and underwriting manager that specializes in securing insurance coverage for hard-to-place risks across the United States and Canada." Am. Compl. ¶ 10. It has at least forty-four offices in twenty-six states and approximately 1,000 employees. *Id.* ¶¶ 11-12. Defendant CRC Insurance Services, Inc. ("CRC") "operates as a wholesale insurance broker that offers property insurance for various risks [and] [i]t operates across the United States, and it has offices in many of the same locations [where B&W has] offices." *Id.* ¶ 15. B&W and CRC are competitors. *Id.* ¶ 16. Plaintiff alleges

that in October 2019 one of its vice-presidents, defendant Carson Sr., "stood up on a table at [B&W's] Arlington office and announced to the gathered employees that he was immediately resigning from [B&W] to work with the Dallas office of Defendant CRC." *Id.* ¶ 3. Defendants Sheila Hailey and Donald Carson Jr. allegedly made the same announcement at that time. *Id.* ¶ 4. The remaining defendants, also former employees of B&W, have likewise left B&W to work for CRC, allegedly all at the behest of Carson Sr. and CRC.[1] *Id.* ¶¶ 5-8.

Plaintiff claims that Carson Sr. has breached his fiduciary duty to B&W (Count I); that CRC aided and abetted him in doing so (Count II); that CRC and Carson Sr. have tortiously interfered with plaintiff's business relationships and contracts with its employees (Count III); that CRC and Carson Sr. have been unjustly enriched by soliciting and hiring plaintiff's former employees (Count IV); that all of the defendants have misappropriated plaintiff's trade secrets, in violation of the Defend Trade Secrets Act and the Michigan Uniform Trade Secrets Act (Counts V and VI); that all of the individual defendants other than Carson Sr. have breached various contractual agreements with plaintiff (i.e., non-disclosure and non-solicitation agreements) (Count VII); and that all of the defendants participated in a "civil conspiracy to wrongfully deprive [B&W] of its confidential and protected information, to encourage [B&W] employees to defect, and/or to wrongfully compete with [B&W]" (Count VIII). Plaintiff seeks injunctive relief, damages, interest, costs, and attorney fees.

***Defendant Carson Sr.'s Motion for Partial Dismissal***

In this motion, defendant Carson Sr. seeks dismissal of plaintiff's breach of fiduciary

---

[1] Plaintiff's amended complaint names twenty-six individuals defendants. Plaintiff voluntarily dismissed the amended complaint as to thirteen of them (*see* docket entries 56-68). All of the remaining thirteen individual defendants have moved to dismiss.

duty claim.  He argues that "[p]laintiff fails to state a claim against Carson, Sr. for breach of fiduciary duty because it fails to plead facts supporting a breach of any duties arising from a fiduciary relationship between Plaintiff and Defendant." Def.'s Br. ¶ 3. Alternatively, defendant argues that plaintiff should provide a more definite statement of the facts supporting this claim.

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Defendant cites *Creelgroup v. Brieden*, No. 09-12493, 2010 WL 3023815, at *3 (E.D. Mich. July 29, 2010), for its statement that "[a]n employer cannot maintain a claim for post-employment breach of fiduciary duty based on solicitation of former clients unless the parties executed an appropriate non-competition agreement."  Defendant also notes plaintiff's concession that he did not sign such an agreement.  Def.'s Br. ¶ 4 (citing Am. Compl. ¶ 143).  But plaintiff's breach of fiduciary duty claim against Carson Sr. is based on more than his alleged post-employment solicitation of plaintiff's employees.  Plaintiff also alleges, for example, that Carson Sr. misappropriated trade secrets and used them to give CRC an unfair competitive advantage over plaintiff.  As the court noted in *Creelgroup*, a former employee "may not use former employer's

3

trade secrets." *Creelgroup*, 2010 WL 3023815, at *3.

The allegations in the amended complaint, which are quite detailed as to Carson Sr., more than suffice to "raise a right to relief above a speculative level" as regards plaintiff's breach of fiduciary claim.  Such a claim has just three elements, namely, the existence of a fiduciary relationship, failure to observe a duty arising from this relationship, and damages.  *See Daneshvar v. Kipke*, 266 F. Supp. 3d 1031, 1053 (E.D. Mich. 2017), *aff'd*, 749 F. App'x 986 (Fed. Cir. 2018). The Court is satisfied that this claim is sufficiently pled to defeat a challenge under Fed. R. Civ. P. 12(b)(6), and that plaintiff's allegations are not "so vague or ambiguous that the party cannot reasonably prepare a response," such that a more definite statement should be required under Fed. R. Civ. P. 12(e).  Accordingly, the Court shall deny defendant Carson Sr.'s motion to dismiss or for a more definite statement.

### All Other Individual Defendants' Motion to Dismiss

All of the other individual defendants (hereinafter, "defendants") seek dismissal of all of the claims against them on the grounds that the amended complaint "does not state even a single specific factual allegation supporting the Counts alleged against [them]."  Defs.' Mot. to Dismiss at 2.  Defendants argue that the claims against them are supported only by "information and belief allegations" and "blanket allegations against a group," which do not satisfy the pleading requirements articulated in *Twombly* and *Iqbal.*  Defs.' Br. at 4.  Defendants argue that in each of the counts against them (V-VIII), the amended complaint makes no allegations against any of them specifically, but instead makes general or unclear allegations regarding "some or all of the remaining defendants" (Am. Compl. ¶ 229), "Carson Sr. and . . . additional defendants" (*id.* ¶ 230), "other individual defendants" (*id.* ¶¶ 235, 247), "all of the remaining defendants" (*id.* ¶ 242), "all the

4

individual defendants" (*id.* ¶¶ 248, 269), "individual defendants" (*id.* ¶ 249), "each of the defendants named in the count" (i.e., all individual defendants except Carson Sr.) (*id.* ¶ 257), "several of them" (*id.* ¶ 261), "most or all of the defendants" (*id.* ¶ 262), "one or more of the defendants" (*id.* ¶¶ 263, 264), "each of the individual defendants" (*id.* ¶ 270), and "each member of the conspiracy" (*id.* ¶ 271). Defendants cite authority for the proposition that such "group" allegations do not suffice to state a claim against any particular individual.

In response, plaintiff argues that the amended complaint's allegations suffice to give all of the defendants fair notice of the claims and that sufficient facts are alleged to satisfy *Twombly* and *Iqbal*. Plaintiff notes that it specifically alleges that each of the defendants signed an agreement containing provisions prohibiting them from disclosing B&W's confidential information and from soliciting B&W's employees or clients. *See* Am. Compl. ¶¶ 117-18 (Hailey), 119 (Carson Jr.), 120 (Coleman), 121 (Gibson), 124 (Andrew Carson), 130 (Vaughn), 131 (Zhou), 135 (Ulmer), 138-39 (Watson), 140 (Ruppel), 141 (Cugini), and 142 (Swaby). Plaintiff also notes that the amended complaint specifically alleges that each of the defendants resigned from B&W in October and November 2019. *See id.* ¶¶ 31 (Hailey), 34 (Carson Jr.), 39 (Watson), 42 (Coleman), 45 (Gibson), 48 (Ruppel), 57 (Andrew Carson), 78 (Vaughan), 81 (Zhou), 90 (Cugini), 96 (Ulmer), and 99 (Swaby). But this is the extent of the specific facts alleged against each individual defendant.

The remaining allegations against these defendants are phrased in general, broad-brush terms that reveal no factual basis from which the Court can infer that a claim has been stated against any of the defendants specifically. In response to this motion, plaintiff argues that the amended complaint alleges that defendants misappropriated trade secrets and confidential information and that they solicited employees and clients. Plaintiffs direct the Court's attention to

paragraphs 9, 190, 247-49, 269-74 of the amended complaint. Pl.'s Resp. at 6-7. But these paragraphs are simply further examples of general allegations that do little more than recite the elements of claims, rather than state facts from which wrongdoing can reasonably be inferred:

### INTRODUCTION

\* \* \*

9. In addition, by accepting a position with a direct competitor of BURNS & WILCOX, each individual Defendant has breached his or her contractual agreement with BURNS & WILCOX which includes express obligations not to directly or indirectly compete, solicit BURNS & WILCOX employees or clients or agents; and not to misuse BURNS & WILCOX's confidential information.

\* \* \*

### COUNT III
### TORTIOUS INTERFERENCE
### (AGAINST CRC AND CARSON, SR.)

\* \* \*

190. As a proximate result of CRC's actions, BURNS & WILCOX has been directly injured by the loss of the individual Defendants named in this suit (other than Carson Sr.) who no longer work for BURNS & WILCOX and who now work for a direct competitor, in violation of BURNS & WILCOX's agreements with its employees, which include non-competition, non-solicitation and non-disclosure provisions.

\* \* \*

### COUNT IV
### UNJUST ENRICHMENT AND/OR QUANTUM MERUIT
### (AGAINST CRC AND CARSON, SR.)

\* \* \*

247. Upon information and belief, the other individual Defendants also misappropriated and threatened to misappropriate trade secrets belonging to BURNS & WILCOX.

6

248. Upon information and belief, the misappropriation of trade secrets by all the individual Defendants, including Carson Sr., was done with the agreement, knowledge and/or consent of CRC.

249. The misappropriation of trade secrets by individual Defendants was done to wrongfully benefit each individual involved, including Carson Sr. and CRC, and each individually.

\* \* \*

### COUNT VIII CIVIL CONSPIRACY TO WRONGFULLY DEPRIVE BURNS & WILCOX OF ITS CONFIDENTIAL AND PROTECTED INFORMATION, TO ENCOURAGE BURNS & WILCOX EMPLOYEES TO DEFECT, AND/OR TO WRONGFULLY COMPETE WITH BURNS & WILCOX (ALL DEFENDANTS)

\* \* \*

269. Upon information and belief, all of the Defendants have engaged in concerted action to wrongfully deprive BURNS & WILCOX of its confidential and protected information; to encourage BURNS & WILCOX employees to defect from their employment to CRC; and/or to directly or indirectly compete with BURNS & WILCOX in violation of individual contracts executed by certain individual Defendants.

270. Such actions are in violation of Carson Sr.'s fiduciary duties to BURNS & WILCOX, as alleged above, and in violation of the contractual obligations owed by each of the individual Defendants (other than Carson Sr.) who signed agreements with BURNS & WILCOX, as also alleged above.

271. Upon information and belief, by various means, each member of the conspiracy intended to accomplish an unlawful purpose (i.e., deprive BURNS & WILCOX of its confidential and protected information or to unfairly compete) or to accomplish a lawful purpose by unlawful means (i.e., use of a rogue employee—Carson Sr.—to unfairly compete for information and new employees).

272. An important part of the conspiracy is the making of false representations by Carson Sr., Ms. Hailey, and others, to BURNS & WILCOX employees and to BURNS & WILCOX

7

clients, about the state of business at BURNS & WILCOX; false representations about the likelihood of continued employment with BURNS & WILCOX; and repeating those misrepresentations, all as pleaded elsewhere.

273. An additional component of the conspiracy is the publication of statements to certain retail agents that there has been "high turnover" at BURNS & WILCOX, which is likely to cause servicing issues, and the representation that CRC will offer higher commissions that BURNS & WILCOX to retail agents on "new business."

274. The civil conspiracy to wrongfully deprive BURNS & WILCOX of its confidential and protected information, to encourage BURNS & WILCOX employees to leave BURNS & WILCOX, and to unfairly compete has in fact damaged and injured BURNS & WILCOX by allowing portions of its confidential and proprietary information (that was previously unknown to CRC) to fall into CRC's hands for its use in competition against BURNS & WILCOX, and by the resulting departure of BURNS & WILCOX employees.

All plaintiff has alleged factually is that defendants used to work for B&W, that they signed confidentiality and non-solicitation agreements, and that they now work for CRC. That defendants *could* have breached their agreements (e.g., by divulging confidential information they acquired while working for plaintiff or by using such information at their new positions or by soliciting plaintiff's employees or clients) is certainly *possible*, but plaintiff has not made such claims *plausible* by providing the necessary "factual enhancement." *Twombly*, 550 U.S. at 557. Lacking factual enhancement, plaintiff's amended complaint consists of precisely the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that the Supreme Court has denounced. *Iqbal*, 556 U.S. at 678.

This is evident not only in the above-quoted paragraphs, but also in the allegations within the misappropriation of trade secret and breach of contract counts directed at defendants in

Counts V, VI, and VII.  Without offering any facts to explain how or when or whether defendants did so, plaintiffs allege that "[o]n information and belief, some or all of the remaining Defendants have also misappropriated and misused trade secrets belonging to BURNS & WILCOX," in violation of the federal trade secrets statute.  Am. Compl. ¶ 229.  It is not even clear which of the defendants this claim is meant to encompass, as plaintiff alleges that Carson Sr. and "additional Defendants," without identifying them, misappropriated plaintiff's trade secrets.  *Id.* ¶ 230.  Similarly, plaintiff alleges that Carson Sr. and "the other  individual Defendants also misappropriated and threatened to misappropriate trade secrets belonging to BURNS & WILCOX," *id.* ¶ 247, in violation of the Michigan trade secrets statute.  But again, no facts are alleged that would permit the Court to infer that this claim is plausible, not simply possible.  The breach of contract claims fare no better, as plaintiff alleges that defendants, or "several of them," *id.* ¶ 261, or "most or all of Defendants," *id.* ¶ 262, attempted to solicit plaintiff's employees, and that "one or more of the Defendants" is improperly using plaintiff's confidential information and trade secrets and soliciting plaintiff's employees and clients.  *Id.* ¶¶ 263-64.  But these allegations, like all of the others pertaining to the individual defendants other than Carson Sr., are unsupported by any statement of facts.

These allegations that defendants, or some of them, "harmed me" on information and belief do not state a claim against any of the defendants under any of the counts of the amended complaint.  Every defendant in every case is entitled to know the factual basis for every claim being asserted against him/her.  In the present case, the amended complaint contains none of the "factual enhancement" the Supreme Court has held that Fed. R. Civ. P. 8 requires.  The amended complaint is so lacking in factual content that the Court cannot "draw the reasonable inference that the

defendant is liable for [the] misconduct alleged." *Iqbal*, 556 U.S. at 678.  The Court shall therefore

dismiss the amended complaint as to all of the individual defendants except Carson Sr.  Accordingly,

IT IS ORDERED that the motion of defendant Carson Sr. to dismiss is denied.

IT IS FURTHER ORDERED that the motion of all of the other individual defendants

to dismiss is granted.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated:  April 20, 2020
          Detroit, Michigan