UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BURNS & WILCOX LTD.,

    Plaintiff,                                      Civil Action No. 19-CV-13167

vs.                                                 HON. BERNARD A. FRIEDMAN

CRC INSURANCE SERVICES, INC., et al.,

    Defendants.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION, GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT, AND STAYING DISCOVERY

This matter is presently before the Court on plaintiff's motion for leave to file a second amended complaint ("SAC") [docket entry 81] and plaintiff's motion for reconsideration [docket entry 84]. Response and reply briefs have been filed. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing.

In its opinion and order granting the motion of the individual defendants, other than Donald Carson Sr., to dismiss the first amended complaint ("FAC"), the Court summarized plaintiff's allegations as follows:

> Plaintiff Burns & Wilcox, Ltd. ("B&W") "is a large insurance wholesale broker and underwriting manager that specializes in securing insurance coverage for hard-to-place risks across the United States and Canada." Am. Compl. ¶ 10. It has at least forty-four offices in twenty-six states and approximately 1,000 employees. *Id*. ¶¶ 11-12. Defendant CRC Insurance Services, Inc. ("CRC") "operates as a wholesale insurance broker that offers property insurance for various risks [and] [i]t operates across the United States, and it has offices in many of the same locations [where B&W] has offices." *Id*. ¶ 15. B&W and CRC are competitors. *Id*. ¶ 16. Plaintiff alleges that in October 2019 one of its vice-presidents, defendant Carson Sr., "stood up on a table at [B&W's] Arlington office and announced to the gathered

> employees that he was immediately resigning from [B&W] to work with the Dallas office of Defendant CRC." *Id.* ¶ 3. Defendants Sheila Hailey and Donald Carson Jr. allegedly made the same announcement at that time. *Id.* ¶ 4. The remaining defendants, also former employees of B&W, have likewise left B&W to work for CRC, allegedly all at the behest of Carson Sr. and CRC. *Id.* ¶¶ 5-8.
>
> Plaintiff claims that Carson Sr. has breached his fiduciary duty to B&W (Count I); that CRC aided and abetted him in doing so (Count II); that CRC and Carson Sr. have tortiously interfered with plaintiff's business relationships and contracts with its employees (Count III); that CRC and Carson Sr. have been unjustly enriched by soliciting and hiring plaintiff's former employees (Count IV); that all of the defendants have misappropriated plaintiff's trade secrets, in violation of the Defend Trade Secrets Act and the Michigan Uniform Trade Secrets Act (Counts V and VI); that all of the individual defendants other than Carson Sr. have breached various contractual agreements with plaintiff (i.e., non-disclosure and non-solicitation agreements) (Count VII); and that all of the defendants participated in a "civil conspiracy to wrongfully deprive [B&W] of its confidential and protected information, to encourage [B&W] employees to defect, and/or to wrongfully compete with [B&W]" (Count VIII). Plaintiff seeks injunctive relief, damages, interest, costs, and attorney fees.

*Burns & Wilcox Ltd. v. CRC Ins. Servs., Inc.*, No. 19-CV-13167, 2020 WL 1915318, at *1 (E.D. Mich. Apr. 20, 2020) (footnote omitted).

The Court dismissed the FAC as to the individual defendants because the "allegations against these defendants are phrased in general, broad-brush terms that reveal no factual basis from which the Court can infer that a claim has been stated against any of the defendants specifically." *Id.* at *3. The Court further noted that

> [t]hese allegations that defendants, or some of them, "harmed me" on information and belief do not state a claim against any of the defendants under any of the counts of the amended complaint. Every defendant in every case is entitled to know the factual basis for every claim being asserted against him/her. In the present case, the amended complaint contains none of the "factual

2

>enhancement" the Supreme Court has held that Fed. R. Civ. P. 8 requires. The amended complaint is so lacking in factual content that the Court cannot "draw the reasonable inference that the defendant is liable for [the] misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court shall therefore dismiss the amended complaint as to all of the individual defendants except Carson Sr.

*Id.* at *5.

Two business days before this opinion was filed, and five months after it filed its FAC, plaintiff filed a motion for leave to file a SAC. Plaintiff has now also filed a motion for reconsideration in which it asks that the Court clarify that the April 20 dismissal of the individual defendants was without prejudice.

Over defendants' objection, the Court shall grant both motions. Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." The Supreme Court has stated that "this mandate is to be heeded," and that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of the exceptions to this rule – i.e., where there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," *id.* – appear to be present in the instant case.[1] Plaintiff's motion for leave to file its proposed SAC is therefore granted. To

---

[1] Defendants argue that bad faith and dilatory motive can be inferred from the fact that plaintiff has repeatedly changed the list of individuals it has named as defendants in this matter. The original complaint, filed on October 28, 2019, named ten individuals. The FAC, filed three weeks later, named twenty-six individuals. On the Tuesday before Thanksgiving, at 5:19 p.m., plaintiff filed an emergency motion for a preliminary injunction or a temporary restraining order. The Court denied that motion on December 3. Plaintiff then, inexplicably,

enable plaintiff to proceed against the individual defendants as to whom the Court dismissed the FAC, the Court hereby also clarifies that that dismissal was without prejudice.

However, the Court notes that the proposed SAC continues to suffer from the same infirmity as the FAC. While the SAC does make specific factual allegations as to most of the individual defendants concerning the ways plaintiff believes they breached their non-solicitation, non-disclosure, and/or non-competition agreements with plaintiff, it fails to offer such "factual enhancement" as to proposed defendants Eva Carrion, Larissa Friddell, Norma Herrera, Joseph Perese, Timothy Sieger, Kyle Torres, Jenna Wilton, or Sam Zeglinski. As to these defendants, plaintiff alleges only that "[u]pon information and belief, [they] ha[ve] violated one or more provisions contained in [their] contractual agreement with [plaintiff]." Proposed SAC ¶¶ 603, 630, 637, 643, 649, 655, 662, 669. These allegations do not satisfy rudimentary pleading standards.

Similarly (as in the FAC), plaintiff alleges under its trade secrets claims (Counts VI and VII) that "most of" the individual defendants had access to plaintiff's trade secrets, *id.* ¶¶ 749, 770; that "[s]ome or all" of them have misappropriated trade secrets, *id.* ¶¶ 754, 775; that "certain defendants" have solicited plaintiff's clients, misused confidential information, or stolen plaintiff's business, *id.* ¶¶ 755-57, 776-78; that "additional defendants," other than Carson Sr., misappropriated trade secrets, *id.* ¶¶ 758, 779; and that "[t]he actions of all [d]efendants who

---

on December 18 voluntarily dismissed the FAC as to thirteen of the defendants. *See* docket entries 56-68. Now, in its proposed SAC, plaintiff proposes to name thirty-five individuals, including *all thirteen* of the defendants as to whom it had voluntarily dismissed the FAC. This constantly changing list of defendants, and the timing of the "emergency" motion, does cause one to question plaintiff's motives. At this point in time, however, the Court declines to deny plaintiff leave to amend on the grounds of bad faith or dilatory motive.

misappropriated [plaintiff's] trade secrets were done in bad faith."  *Id.* ¶¶ 760, 781.  These allegations fail to make specific factual allegations against specific defendants.

The same pleading error is found in Count VIII, "Breach of Contract." Paragraph 787 of the proposed SAC names twenty-two of the defendants who allegedly breached their agreement not to solicit plaintiff's employees, and the factual basis for this allegation may be laid out in earlier paragraphs.  But then plaintiff reverts to the familiar catchall by alleging in ¶ 788 that "[u]pon information and belief, some or all of the remaining individual [d]efendants have also breached the same provision in their contracts with [plaintiff]."  Similarly, ¶ 789 names nine of the defendants who allegedly breached their agreement not to solicit plaintiff's clients.  But in ¶ 790 plaintiff improperly alleges that "[u]pon information and belief, some or all of the remaining individual [d]efendants have also breached the same provision in their contracts with [plaintiff]." And ¶ 791 of the proposed SAC names five defendants who allegedly used plaintiff's confidential information.  But in ¶ 792 plaintiff again alleges that "[u]pon information and belief, some or all of the remaining individual [d]efendants have also breached the same provision in their contracts with [plaintiff]." Such "information and belief" allegations that "some or all" of the defendants breached their contracts do not state a breach of contract claim against defendants who are not specifically identified and as to whom no specific factual allegations of breach are made.

The Court will permit plaintiff to file its proposed SAC, but with two caveats. First, all discovery is stayed until the Court decides the motion to dismiss that defendants presumably intend to file.  This measure is necessary to protect the proposed defendants as to whom no claim for relief has been stated.  Second, plaintiff is admonished to abide by its

5

obligations under Fed. R. Civ. P. 11(b) and delete from the proposed SAC all defendants as to whom it cannot plead a proper, factually supported claim. Accordingly,

IT IS ORDERED that plaintiff's motion for reconsideration is granted as follows: the Court clarifies that its dismissal of the FAC as to the individual defendants is without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file its proposed SAC is granted, and this proposed pleading (or as further amended to comply with plaintiff's obligations under Fed. R. Civ. P. 11(b)) may be filed within five days of the date of this order.

IT IS FURTHER ORDERED that all discovery in this matter is stayed until the Court decides defendants' motion to dismiss the SAC.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: May 20, 2020
       Detroit, Michigan